**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **TAEJONG KIM and JUNG DO** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO._____** |
| | § | **JURY DEMANDED** |
| **OCCIDENTAL FIRE & CASUALTY** | § | |
| **COMPANY OF NORTH CAROLINA** | § | |
| **Defendant.** | § | |

---

**AFFIDAVIT**

---

THE STATE

OF TEXAS

  BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared Mikell A. West, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

  "My name is Mikell A. West.  I am one of the attorneys for Defendant Occidental Fire & Casualty Company of North Carolina in the above-referenced lawsuit, am over the age of 18 years, am competent and authorized to testify herein and have personal knowledge of the facts herein.

  "Attached to Defendant Occidental Fire & Casualty Company of North Carolina's Notice of Removal as 'Exhibit B' are true and correct copies of documents received on May 17, 2019, from the Fort Bend County District Clerk's office represented to be the entirety of the Clerk's file for Cause No. 19-DCV-261673.

  "This factual statement is within my personal knowledge, and is true and correct."



Further affiant sayeth not.

_____

Mikell A. West

SUBSCRIBED AND SWORN TO BEFORE ME by Mikell A. West on this the 17th of May, 2019, to certify which witness my hand and official seal.



Notary Public, in and for the
State of Texas

SAVANNAH MAE LILES
Notary Public, State of Texas
Comm. Expires 06-01-2021
Notary ID 131153712

Filed
4/17/2019 10:27 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Salena Jasso

CAUSE NO. **19-DCV-261673** _____

| | | |
|---|---|---|
| TAEJONG KIM AND JUNG DO, | § | IN THE JUDICIAL COURT OF |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | |
| | § | FORT BEND COUNTY, TEXAS |
| | § | |
| OCCIDENTAL FIRE & CASUALTY | § | |
| INSURANCE COMPANY OF NORTH | § | |
| CAROLINA, | § | Fort Bend County - 458th Judicial District Court |
| | § | _____ DISTRICT COURT |
| | | |
| Defendant. | | |

---

### PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Taejong Kim and Jung Do, ("Plaintiffs"), and file **Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure**, complaining of Occidental Fire & Casualty Insurance Company of North Carolina ("Occidental") (or "Defendant") and for cause of action, Plaintiffs respectfully shows the following:

### DISCOVERY CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2. Plaintiffs, Taejong Kim and Jung Do, reside in Fort Bend County, Texas.

3. Defendant, Occidental Fire & Casualty Insurance Company of North Carolina, is a Foreign insurance company engaged in the business of insurance in the State of Texas. Plaintiffs request service of citation upon Occidental Fire & Casualty Insurance Company of North Carolina through its registered agent for service: **CT Corporation System, 1999 Bryan**

**Street, Suite 900, Dallas, Texas 75201-3136**.  Plaintiffs request service at this time.

## JURISDICTION

4.    The Court has jurisdiction over Occidental because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Occidental's business activities in the state, including those in Fort Bend County, Texas, with reference to this specific case.

## VENUE

5.    Venue is proper in Fort Bend County, Texas because the insured property is located in Fort Bend County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Fort Bend County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6.    Plaintiffs assert claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7.    Plaintiffs own an Occidental Fire & Casualty Insurance Company of North Carolina insurance policy, number TXH164991100 ("the Policy").  At all relevant times, Plaintiffs owned the insured premises located at 4434 Ryans Branch Lane Katy, Texas 77450 ("the Property").

8.    Occidental or its agent sold the Policy, insuring the Property, to Plaintiffs.  Occidental or its agent represented to Plaintiffs that the Policy included wind and hailstorm coverage for damage to Plaintiffs' home.  Occidental has refused the full extent of that coverage currently owed to Plaintiffs.

9.    On or about January 11, 2018, the Property sustained extensive damage resulting from a

2

severe storm that passed through the Katy, Texas area.

10.    In the aftermath of the wind and hailstorm, Plaintiffs submitted a claim to Occidental against the Policy for damage to the Property.   Occidental assigned claim number 649911384071 to Plaintiffs' claim.

11.    Plaintiffs asked Occidental to cover the cost of damage to the Property pursuant to the Policy.

12.    Damaged areas of the property include, but are not limited to the roof, vents, flashings, fascia, gutters, and downspouts.

13.    Occidental assigned or hired Jackson to adjust the claim.

    a.    Jackson had a vested interest in undervaluing the claims assigned to him by Occidental in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiffs' Third-Party Adjuster's is evidence of fraud.

    b.    Furthermore, Jackson was aware of Plaintiffs' deductible before making a determination. Jackson had advanced knowledge of the amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

    c.    Jackson made misrepresentations as to the amount of damage Plaintiffs' Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiffs' Property.

    d.    Jackson made further misrepresentations to Plaintiffs.  Jackson used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy. Such misrepresentations include damage to

the Property owing from wear and tear and mechanical damage, which would not be covered.

14.   Occidental, through its agents, namely Jackson, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

15.   The initial adjustment of the claim occurred on or around September 18, 2018.  Jackson found that there was no damage from a covered peril to the roof of the property.

16.   After application of the policy deductible, Plaintiffs were left without adequate recovery to complete proper repairs on Plaintiffs' home

17.   To date, Plaintiffs has received $0.00 for damage to Plaintiffs' Property. The damage to Plaintiffs' Property is currently estimated at .

18.   Since due demand was made on February 14, 2019, Occidental has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' claim properly.

19.   As stated above, Defendant failed to assess the claim thoroughly.  Based upon Defendant's grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, Occidental failed to provide full coverage due under the Policy.

20.   As a result of Occidental's failure to provide full coverage, along with Occidental's delay tactics to avoid reasonable payment to Plaintiffs, Plaintiffs have suffered damages.

21.   Occidental failed to perform its contractual duties to Plaintiffs under the terms of the Policy.  Specifically, Occidental refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property,

4

and all conditions precedent to recover upon the Policy were accomplished by Plaintiffs.

22.   Defendant's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code.  Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Occidental and Plaintiffs.

23.   Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a)(1).   Defendant has not attempted to settle Plaintiffs' claim in a fair manner, even though Defendant was aware of its liability to Plaintiffs under the Policy.  Specifically, Defendant has failed to timely pay Plaintiffs' coverage due under the Policy.

24.   Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).  Defendant failed to provide Plaintiffs a reasonable explanation for not making the full payment under the terms of the Policy.

25.   Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).  Defendant refused to provide full coverage due to Plaintiffs under the terms of the Policy.  Specifically, Occidental, through its agents, servants, and representatives, namely Jackson, performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

26.   Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.  Defendant failed to reasonably accept or deny Plaintiffs' full claim within the statutorily mandated time after receiving all necessary information.

27.   Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  Defendant failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim.  Specifically, Defendant has delayed payment of Plaintiffs' claim longer than allowed, and Plaintiffs has not received full payment for the claim.

28.   Defendant's wrongful acts and omissions forced Plaintiffs to retain the professional services of the attorneys and law firm representing Plaintiffs with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT OCCIDENTAL FIRE & CASUALTY INSURANCE COMPANY OF NORTH CAROLINA

### BREACH OF CONTRACT

29.   All allegations above are incorporated herein.

30.   Occidental is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Occidental and Plaintiffs.

31.   Occidental's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

32.   All allegations above are incorporated herein.

33. Occidental's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

34. Occidental's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

35. Occidental's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

36. Occidental's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

37. Occidental's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

38. Occidental's unfair settlement practice of refusing to pay Plaintiffs' claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### THE PROMPT PAYMENT OF CLAIMS

39. All allegations above are incorporated herein.

40.   Occidental's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable by TEX. INS. CODE §542.060.

41.   Occidental's failure to notify Plaintiffs in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

42.   Occidental's delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

43.   All allegations above are incorporated herein.

44.   Occidental's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

45.   Occidental's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Occidental knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

46.   All allegations above are incorporated herein.

47.   Occidental's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiffs are a consumer of goods and services provided by Occidental pursuant to the DTPA.  Plaintiffs has met all

conditions precedent to bringing this cause of action against Occidental.  Specifically, Occidental's violations of the DTPA include, without limitation, the following matters:

A.     By its acts, omissions, failures, and conduct, Occidental has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  Occidental's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B.     Occidental represented to Plaintiffs that the Policy and Occidental's adjusting, and investigative services had characteristics or benefits that they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.     Occidental also represented to Plaintiffs that the Policy and Occidental's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.     Furthermore, Occidental advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.     Occidental breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiffs to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.     Occidental's actions are unconscionable in that Occidental took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree.

Occidental's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

G.   Occidental's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

48.   Each of the above-described acts, omissions, and failures of Occidental is a producing cause of Plaintiffs' damages.  All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

49.   All allegations above are incorporated herein.

50.   Occidental is liable to Plaintiffs for common-law fraud.

51.   Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiffs would not have acted as Plaintiffs did, and Occidental knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

52.   Occidental made the statements intending that Plaintiffs act upon them.  Plaintiffs then acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury constituting common-law fraud.

## KNOWLEDGE

53.   Defendant made each of the acts described above, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

## WAIVER AND ESTOPPEL

54.   Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

55.   Since the claim was made, Occidental has not properly compensated Plaintiffs for all necessary repairs required, which are covered under the Policy.  This has caused undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendant's mishandling of Plaintiffs' claim in violation of the laws set forth above.

56.   Defendant made the above and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  Defendant made these false misrepresentations with the intent that Plaintiffs act in accordance with the misrepresentations.  Plaintiffs then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage.  Plaintiffs suffered damages as a result.

57.   Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained.  The acts, omissions, failures, and conduct of Defendant has caused Plaintiffs' damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiffs' Property, and any investigative and engineering fees incurred.

11

58.     For breach of contract, Plaintiffs are entitled to regain the benefit of Plaintiffs' bargain,
        which is the amount of Plaintiffs' claim, consequential damages, together with attorney's
        fees.

59.     The damage to Plaintiffs' Property is currently estimated at .

60.     For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices,
        Plaintiffs are entitled to actual damages, which include the loss of the benefits owed
        pursuant to the Policy, court costs, and attorney's fees.  For knowing and intentional
        conduct of the acts described above, Plaintiffs asks for three (3) times Plaintiffs' actual
        damages.  TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

61.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are
        entitled to the amount of Plaintiffs' claim, plus an eighteen percent (18%) per annum
        penalty on that claim, as damages, as well as pre-judgment interest and reasonable
        attorney's fees.  TEX. INS. CODE §542.060.

62.     For breach of the common-law duty of good faith and fair dealing, Plaintiffs are entitled to
        compensatory damages, including all forms of loss resulting from Defendant's breach of
        duty, such as additional costs, economic hardship, losses due to nonpayment of money
        Occidental owed, and exemplary damages.

63.     Defendant's breach of the common-law duty of good faith and fair dealing was committed
        intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with
        "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies
        Code.  These violations are the type of conduct which the State of Texas protects its citizens
        against by the imposition of exemplary damages.  Therefore, Plaintiffs seeks the recovery
        of exemplary damages in an amount determined by the finder of fact sufficient to punish

12

Defendant for its wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

64.     For fraud, Plaintiffs are entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

65.     For the prosecution and collection of this claim, Plaintiffs has been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

66.     As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c)(1) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.  This statement from Plaintiff's counsel is made only for the purpose of compliance with Tex. R. Civ. P. 47, and the amount in controversy does not exceed $75,000 at this time. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

67.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs requests that Defendant disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

68.     Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a

jury consisting of citizens residing in Fort Bend County, Texas.  Plaintiffs hereby tender

the appropriate jury fee.

## PRAYER

Plaintiffs pray that Defendant, Occidental Fire & Casualty Insurance Company of North

Carolina, be cited and served to appear, and that upon trial hereof, Plaintiffs, Taejong Kim and

Jung Do, have and recover from Defendant, Occidental Fire & Casualty Insurance Company of

North Carolina, such sums as would reasonably and justly compensate Plaintiffs in accordance

with the rules of law and procedure, as to actual, consequential, and treble damages under the

Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and

exemplary damages, as may be found.  In addition, Plaintiffs request the award of attorney's fees

for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for

pre-judgment and post-judgment interest as allowed by law; and for any other and further relief,

at law or in equity, to which Plaintiffs, Taejong Kim and Jung Do, may show Plaintiffs are justly

entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM, PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Tara L. Peveto
Bar No. 24076621
455 East Medical Center Blvd., Suite 555

14

Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tpeveto@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFFS

**DOCKET**

CAUSE NO. 19-DCV-261673

19-DCV-261673
D05H
Docket Sheet
5738479

| COURT NO. | STYLE OF CASE | ATTORNEYS | TYPE OF ACTION | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| **458TH JUDICIAL DISTRICT COURT** | TAEJONG KIM AND JUNG DO V. OCCIDENTAL FIRE & CASUALTY INSURANCE COMPANY OF NORTH CAROLINA | CHAD T WILSON | Contract - Consumer/Commerci al/Debt | MONTH | DAY | YEAR |
| | | | | 04/17/2019 | | |

STENOGRAPHER USED?

| YES | NO |
|---|---|
| | |

CHAD T WILSON LAW FIRM PLLC
455 EAST MEDICAL CENTER BLVD SUITE 555
WEBSTER TX 77598

832-415-1432

JURY FEE: 04/17/2019

PAID BY: Plaintiff Attorney - Chad T Wilson

DATE OF ORDERS

| MONTH | DAY | YEAR |
|---|---|---|
| | | |

ORDERS OF COURT

CAUSE NO.  19-DCV-261673
TAE-JONG KIM AND JUNG DO V. OCCIDENTAL FIRE & CASUALTY INSURANCE COMPANY OF NORTH CAROLINA

| DATE OF ORDERS | | |
|---|---|---|
| MONTH | DAY | YEAR |
| | | |
| | | |
| | | |

Filed
4/17/2019 10:27 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Salena Jasso



# BEVERLEY MCGREW WALKER
## Fort Bend County District Clerk
## 301 Jackson, Richmond, TX 77469

Telephone: (281) 341-4509
Fax: (281) 341-4519

## REQUEST FOR PROCESS
### All sections <u>must</u> be completed for processing this request.

**Section 1:**
Cause No. <u>19-DCV-261673</u>

Fort Bend County - 458th Judicial District Court

STYLE: <u>Taejong Kim and Jung Do</u>          VS   <u>Occidental Fire & Casualty Insurance Company of North Carolina</u>

**Section 2:**
## Check Process Type:

☑ Citation

☐ Citation by Posting

☐ Temporary Restraining Order

☐ Citation by Secretary of State

☐ Precept to Serve / Notice of Hearing

☐ Citation by Commissioner of Insurance

☐ Notice of Registration of Foreign Judgment

☐ Writ of _____

☐ Application for Protective Order / Temporary (Ex Parte) Protective Order

☐ Citation by Publication*:
    ☐ **Daily:** Fort Bend Herald   ☐ **Once a Week:** Fort Bend Independent
    ☐ **Other:** _____
    * In Accordance with the Fort Bend County Term Contract for Newspaper Publication of Legal Notices

☐ Other _____

### REQUEST FOR ISSUANCE OF SUBPOENA MUST BE SUBMITTED ON A SUBPOENA APPLICATION FORM

**Section 3:**
## Title of Document/Pleading to be attached for service: <u>Plaintiff(s) Original Petition,</u>
<u>Jury Demand, and Request for Disclosure</u>

**Section 4:** ## PARTIES TO BE SERVED (Please type or print):

1. Name: <u>Occidental Fire & Casualty Insurance Company of North Carolina</u>

   Address: <u>1999 Bryan Street, Suite 900</u>

   City: <u>Dallas</u>          State: <u>Texas</u>          Zip: <u>75201-3136</u>

2. Name: _____

   Address: _____

   City: _____          State: _____          Zip: _____

1 of 2

3. Name:_____

 Address: _____

 City:_____ State:_____ Zip:_____

4. Name:_____

 Address: _____

 City:_____ State:_____ Zip:_____

5. Name:_____

 Address: _____

 City:_____ State:_____ Zip:_____

**Section 5**

## Check Service Type – Additional Fees Apply:

☑ Picked up and served by a representative at Legal Document Management (LDM)

 Email: sean@ldmprocess.com/ Telephone: (713) 269-0403

*Fort Bend County Constable and Sheriff will only serve within their jurisdiction.

**Section 6 (ONLY if Section 7 does not apply)**

**Please Note: Our office will use the e-Service email address registered with the Texas State Bar.**

## Attorney Name: Chad T. Wilson and Tara L. Peveto / tpeveto@cwilsonlaw.com

Address: 455 East Medical Center Boulevard, Suite 555
_____
Street/P.O. Box

Webster                                  TX                     77598
_____        _____        _____
City                                      State                    Zip

Telephone No. (832) 415-1432   Bar No. 24079587

**Section 7 (ONLY if Section 6 does not apply)**

## Pro-Se Name:_____

Address:_____
Street/P.O. Box

_____     _____     _____
City                          State                Zip

Telephone No._____ Email Address _____

## Pro-se Service Only:

☐ e-Service*      ☐ Mail to Pro-se Party*      ☐ Hold for Pick up

*Service will be mailed/emailed directly to pro-se party requesting issuance.

SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK

**THE STATE OF TEXAS**

**CITATION**

**TO:   OCCIDENTAL FIRE & CASUALTY INSURANCE COMPANY OF NORTH CAROLINA**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX  75201-3136**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE** filed on **April 17, 2019,** a default judgment may be taken against you.

The case is presently pending before the **458TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **19-DCV-261673** and is styled:

**TAEJONG KIM AND JUNG DO V. OCCIDENTAL FIRE & CASUALTY INSURANCE COMPANY OF NORTH CAROLINA**

The name and address of the attorney for **PLAINTIFF** is:

**CHAD T WILSON**
**CHAD T WILSON LAW FIRM PLLC**
**455 EAST MEDICAL CENTER BLVD SUITE 555**
**WEBSTER TX  77598**
**832-415-1432**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 18th day of April, 2019.**

**DISTRICT CLERK BEVERLEY MCGREW WALKER**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson
Richmond, Texas 77469

By: _Ashley Alaniz_
Deputy District Clerk **ASHLEY ALANIZ**
Telephone: **(281) 633-7616**

**ORIGINAL**

19-DCV-261673                              **458th Judicial District Court**
**Taejong Kim and Jung Do V. Occidental Fire & Casualty Insurance Company of North Carolina**

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20__, at _____ o'clock ____M.

Executed at _____, within the County of __

_____, at ____o'clock ___M* on the _____ day of _

_____, 20__, by delivering to the within named _____

_____, in person, a true copy of this citation together

with the accompanying copy of the petition, having first attached such copy of such petition to such copy

of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ____ citation at $80.00 each  $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
                                    (First, Middle, Last)

my date of birth is_____, and my address is _____
                                                                                                    (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the

day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

### ORIGINAL

Citation (Original Petition) issued to Occidental Fire & Casualty Insurance Company of North Carolina on 4/18/2019.

SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK    **THE STATE OF TEXAS**

**CITATION**

**TO:    OCCIDENTAL FIRE & CASUALTY INSURANCE COMPANY OF NORTH CAROLINA
1999 BRYAN STREET SUITE 900
DALLAS TX  75201-3136**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE** filed on **April 17, 2019,** a default judgment may be taken against you.

The case is presently pending before the **458TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **19-DCV-261673**  and is styled:

**TAEJONG KIM AND JUNG DO V. OCCIDENTAL FIRE & CASUALTY INSURANCE COMPANY OF NORTH CAROLINA**

The name and address of the attorney for **PLAINTIFF** is:

**CHAD T WILSON
CHAD T WILSON LAW FIRM PLLC
455 EAST MEDICAL CENTER BLVD SUITE 555
WEBSTER TX  77598
832-415-1432**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 18th day of April, 2019.**

**DISTRICT CLERK BEVERLEY MCGREW WALKER
FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson
Richmond, Texas 77469

By: _Ashley Alaniz_
Deputy District Clerk **ASHLEY ALANIZ**
Telephone: **(281) 633-7616**

**SERVICE**

**19-DCV-261673**                                     **458th Judicial District Court**
**Taejong Kim and Jung Do V. Occidental Fire & Casualty Insurance Company of North Carolina**

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20___, at _____ o'clock ____M.

Executed at _____, within the County of ___

_____, at _____ o'clock ___M* on the _____ day of _

_____, 20___, by delivering to the within named _____

_____, in person, a true copy of this citation together

with the accompanying copy of the petition, having first attached such copy of such petition to such copy

of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ____ citation at $80.00 each  $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**

In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
                              (First, Middle, Last)

my date of birth is_____, and my address is _____
                                                                                                    (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the

day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

**SERVICE**

Filed
4/22/2019 12:00 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Autumn Dolnik

## SERVICE FEE NOT COLLECTED
## BY DISTRICT CLERK

### THE STATE OF TEXAS

### CITATION

**TO:   OCCIDENTAL FIRE & CASUALTY INSURANCE COMPANY OF NORTH CAROLINA
1999 BRYAN STREET SUITE 900
DALLAS TX  75201-3136**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE** filed on **April 17, 2019**, a default judgment may be taken against you.

The case is presently pending before the **458TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas.  It bears cause number **19-DCV-261673** and is styled:

**TAEJONG KIM AND JUNG DO V. OCCIDENTAL FIRE & CASUALTY INSURANCE COMPANY OF NORTH CAROLINA**

The name and address of the attorney for PLAINTIFF is:

**CHAD T WILSON
CHAD T WILSON LAW FIRM PLLC
455 EAST MEDICAL CENTER BLVD SUITE 555
WEBSTER TX 77598
832-415-1432**

The nature of the demands of said PLAINTIFF is shown by a true and correct copy of the **PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved.  Issued under my hand and seal of said Court, at Richmond, Texas, on this the 18th day of April, 2019.

DISTRICT CLERK BEVERLEY MCGREW WALKER
FORT BEND COUNTY, TEXAS
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson
Richmond, Texas 77469

By: _Ashley Alaniz_
Deputy District Clerk ASHLEY ALANIZ
Telephone: (281) 633-7616

**ORIGINAL**

**19-DCV-261673**                    **458th Judicial District Court**
**Taejong Kim and Jung Do V. Occidental Fire & Casualty Insurance Company of North Carolina**

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _18th_ day of _April_, 20_19_, at _1:00_ o'clock _P_ M.

Executed at _1999 Bryan St #900 Dallas, Tx 75201_, within the County of _Dallas_, at _3:25_ o'clock _P_ M* on the _18th_ day of _April_, 2019, by delivering to the within named _Occidental Fire + Casualty Insurance Company of North Carolina_ by serving reg. Agent of Corporation System through in person, a true copy of this citation together _Terry Thongschat_ with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ___ citation at $80.00 each  $_____

_Heather Bork_
Name of Officer or Authorized Person

_Dallas_ _____ County, Texas

By: _Heather Bork_ PSC#8133 Exp 2/28/20
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

*My name is _Heather Lenore Bork_ ,
(First, Middle, Last)

my date of birth is _5/24/78_ , and my address is _5930 LBJ Fwy #307,_
(Street, City, Zip)

_Dallas, Tx 75240_ .

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _Dallas_ County, State of _TX_ , on the

day of _April 18, 2019_ .

_Heather Bork_
Declarant / Authorized Process Server

_PSC#8133 Exp 2/28/20_
(Id # & expiration of certification)

### ORIGINAL

Citation (Original Petition) issued to Occidental Fire & Casualty Insurance Company of North Carolina on 4/18/2019.

Filed
5/9/2019 10:50 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Autumn Dolnik

CAUSE NO. 19-DCV-261673

| | | |
|---|---|---|
| TAEJONG KIM AND JUNG DO | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 458TH JUDICIAL DISTRICT |
| | § | |
| OCCIDENTAL FIRE & CASUALTY | § | |
| COMPANY OF NORTH CAROLINA | § | FORT BEND COUNTY, TEXAS |

## <u>DEFENDANT OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA'S ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, Defendant in the above-styled and numbered cause, and make and files this, their Original Answer in reply to Plaintiffs' Petition, and for such answer would respectfully show unto the Court the following:

1.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiffs' Petition and demands strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

2.

Pleading further and without waiver of the above, Defendant denies the occurrence of all conditions precedent to Plaintiffs' claim. Without limiting the foregoing, Defendant denies that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiffs bringing suit, including, but not limited to, the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made.

3.

Pleading further and without waiver of the above, Defendant requests that this Court compel mediation pursuant to TEXAS INSURANCE CODE § 541.161(a). This mediation is required under the Texas Insurance Code and Texas Business & Commerce Code. TEX. INS. CODE § 541.161(b).

4.

Additionally, the insurance policy pertaining to the claims asserted by the Plaintiffs include a specific "Appraisal" clause which sets forth the procedure in the event of a disagreement of the amount of the loss. Specifically, the policy requires that, upon written request, the property must be appraised by each party's own disinterested appraiser. In the event of a disagreement in the appraisal, the differences are submitted to an umpire for determination. Compliance with the appraisal process is a condition precedent to any suit against Defendant insurance company. Defendant insurance company was deprived of the opportunity to invoke the appraisal clause prior to suit. Further, the lawsuit prevented Defendant insurance company from attempting to resolve the alleged problems, reaching an impasse or invoking the appraisal clause, if necessary. Defendant insurance company reserves the contractual right to invoke this clause and that the property be appraised according to the terms of the applicable insurance policy if the parties reach an impasse. Defendant insurance company has not waived and is not waiving this provision and may assert it in the future.

5.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives actual notice to Plaintiffs that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as

evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

6.

<u>Requests for Disclosure</u>

At the time required by law or the Rules, the Defendant requests the Plaintiffs to respond to all of the matters in TRCP 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing hereof, that Plaintiffs not recover against Defendant and that Defendant goes hence with its costs without day and for such other and further relief, at law or in equity, to which Defendant may justly show itself entitled to receive.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
mwest@gnqlawyers.com

By: */s/ Mikell A. West*_____
      Mikell A. West
      State Bar No. 24070832

ATTORNEY FOR DEFENDANT OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA

## CERTIFICATE OF SERVICE

I, Mikell A. West, hereby certify that on the 9th day of May, 2019, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorneys for Plaintiffs*
Chad T. Wilson
Tara L. Peveto
Chad T. Wilson Law Firm, PLLC
Email: eservice@cwilsonlaw.com; cwilson@cwilsonlaw.com; tpeveto@cwilsonlaw.com

**VIA E-FILING**

*/s/ Mikell A. West*
Mikell A. West

Filed
5/9/2019 10:50 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Autumn Dolnik

CAUSE NO. 19-DCV-261673

| | | |
|---|---|---|
| TAEJONG KIM AND JUNG DO | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 458TH JUDICIAL DISTRICT |
| | § | |
| OCCIDENTAL FIRE & CASUALTY | § | |
| COMPANY OF NORTH CAROLINA | § | FORT BEND COUNTY, TEXAS |

## DEFENDANT'S DEMAND FOR JURY

COMES NOW, OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, Defendant in the above-referenced cause, and demands a trial by jury. The jury fee was previously paid by Plaintiffs.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
mwest@gnqlawyers.com

By: */s/ Mikell A. West*
Mikell A. West
State Bar No. 24070832

ATTORNEY FOR DEFENDANT OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA

## CERTIFICATE OF SERVICE

I, Mikell A. West, hereby certify that on the 9th day of May, 2019, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorneys for Plaintiffs*
Chad T. Wilson
Tara L. Peveto
Chad T. Wilson Law Firm, PLLC
Email: eservice@cwilsonlaw.com; cwilson@cwilsonlaw.com; tpeveto@cwilsonlaw.com

**VIA E-FILING**

*/s/ Mikell A. West*
Mikell A. West

Filed
5/9/2019 2:46 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Ashley Alaniz



# GAULT, NYE & QUINTANA, L.L.P.

4141 S. STAPLES ST., SUITE 210
CORPUS CHRISTI, TEXAS 78411
P.O. BOX 6666, CORPUS CHRISTI, TEXAS 78466
TEL: (361) 654-7008   FAX: (361) 654-7001
WWW.GNQLAWYERS.COM

MIKELL A. WEST
PARTNER

WRITER'S E-MAIL: MWEST@GNQlawyers.com

November 20, 2018

Records Department
Fort Bend County Courthouse
1422 Eugene Heimann Circle
Richmond TX 77469
**VIA E-FILE**

Re: Cause No. 19-DCV-261673; *Taejong Kim and Jung Do v. Occidental Fire & Casualty Company of North Carolina,* In the 458th District Court, Fort Bend County, Texas

Sir/Madam:

Please allow this letter to serve as a formal request for the ***certified*** copy of the Fort Bend County Court's ***entire*** file (31 pages) in the above-referenced case. Attached to this e-file is the $31.00 payment for this file. Below is our preferred method for receipt of this file:

To: sschietinger@gnqlawyers.com
Cc: mwest@gnqlawyers.com

Otherwise, please mail to:

Gault, Nye & Quintana, LLP
4141 S. Staples St, Ste. 210
Corpus Christi TX 78411

Thank you for your kind attention to this matter.

Sincerely,

*/s/ Mikell A. West*

Mikell A. West

MAW/sks

---

MCALLEN OFFICE
4900 N. 10TH STREET, SUITE A1
MCALLEN, TEXAS 78504
P.O. BOX 4200 ♦ EDINBURG, 78540
TEL: (956) 618-0628   FAX: (956) 618-0670

BROWNSVILLE OFFICE
114 W. JEFFERSON STREET., STE. A
BROWNSVILLE, TEXAS 78523
P.O. BOX 5959 ♦ BROWNSVILLE, 78523
TEL: (956) 544-7110   FAX: (956) 544-0607